```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF ALABAMA
                          SOUTHERN DIVISION

LAWRENCE PAULTICE WILLIAMS,     :
(# 195842)                      :
      Petitioner                :
                                :
vs.                             :   CIVIL ACTION NO.14-00578-WS-B
                                :
JAMES REYNOLDS,                 :
          Respondent.           :
```

## Report and Recommendation

Lawrence Paultice Williams, a state inmate in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1). The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72(a)(2)(R), and Rule 8 of the Rules Governing Section 2254 Cases. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case.[1] Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317 (11th Cir. 2004).

---

[1] Because Williams filed his federal habeas petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). "AEDPA expressly limits the extent to which hearings are permissible, not merely the extent to which they are required." Kelley v. Sec'y for Dep't of Corrs., 377 F. 3d 1317, 1337 (11th Cir. 2004). Williams has failed to establish that an evidentiary hearing is warranted in this case. Birt v. Montgomery, 725 F.2d 587, 591 (11th Cir.

Having carefully considered Williams' petition and Respondent's answer (Doc. 4), the undersigned finds that Williams' petition is untimely, and that equitable tolling is not appropriate. Accordingly, it is recommended that Williams' habeas petition be dismissed as time-barred, that judgment be entered in favor of Respondent and against Petitioner, Lawrence Paultice Williams, pursuant to 28 U.S.C. § 2244(d), and that Williams is not entitled to the issuance of a certificate of appealability, and consequently, is not entitled to appeal *in forma pauperis*.

## I. Discussion

On August 14, 1995, Williams and his codefendant, Mark Antonio Thompkins ("Thompkins"), engaged in a gun battle in a crowded residential area.[2]  (Doc. 4 at 3). Although the two were shooting at one another, William Glen Richardson, an innocent bystander, was shot (three times) and killed. (Id.). Both Williams and Thompkins were jointly tried and convicted of reckless murder in violation of § 13A-6-2(a)(2), Code of Alabama 1975. (Doc. 4-1 at 3). They were sentenced to 25 years' imprisonment. (Id.)

---

1984) (en banc) ("The burden is on the petitioner . . . to establish the need for an evidentiary hearing.").

[2]   The appellate court found that the incident occurred "in a cul-de-sac surrounded by an apartment complex" where "[a]s many as 50 persons were gathered at an outdoor party." Williams v. State, 736 So. 2d 1134, 1136 (Ala. Crim. App. 1998).

Both appealed their convictions, and on October 23, 1998, the Alabama Court of Criminal Appeals affirmed their convictions for reckless murder; however, the court observed that the evidence did not support the reckless murder conviction, but instead supported the lesser charge of reckless manslaughter. Williams v. State, 736 So. 2d 1134 (Ala. Crim. App. 1998). Notwithstanding, the court opinioned that because that issue had not been properly preserved at trial, "there [was] nothing for [the appellate] court to review." Id. at 1140. The court further noted that "the proper vehicle to address [such a claim was] through a post-conviction petition pursuant to Rule 32, Ala. R. Crim. P." Id. at 1142.

Williams and Thompkins were denied rehearing in the Alabama Court of Criminal Appeals and denied writ of certiorari in the Alabama Supreme Court.³ (Doc. 4 at 4-5). A certificate of judgment was issued on the direct appeal on May 14, 1999. (Id.) Williams filed a Rule 32 petition challenging the sufficiency of the evidence. (Doc. 4-2 at

---

³ Additionally, the State of Alabama sought reconsideration of the court's opinion regarding the sufficiency of the evidence to support the convictions. (Id. at 5). Specifically, the state argued that the "holding was unnecessary dictum that was contrary to a prior decision of the Alabama Supreme Court in Ex parte Simmons, 649 So. 2d 1282, 1285-86 (Ala. 1994)." (Id.). The Alabama Supreme Court denied the state's petition. (Id.).

3

1-2; Williams v. State, CR-99-2151, Ala. Crim. App. Feb. 9, 2001). The appellate court affirmed the reckless murder conviction relying heavily on the facts and reasoning of Ex parte Simmons, 649 So. 2d 1282 (Ala. 1994). Williams filed a petition for writ of certiorari with the Alabama Supreme Court, which denied the writ on June 14, 2002. Ex parte Williams, 838 So. 2d 1028, 1032 (Ala. 2002). The Alabama Supreme Court issued a certificate of judgment on July 2, 2002. The record does not reflect any other post-conviction challenges by Williams until the filing of the instant federal habeas on December 15, 2014.[4] (Doc. 1 at 13).

After a thorough review of the petition, and Respondent's response (Doc. 4), the undersigned finds that the petition is ripe for adjudication.

**II.  Analysis**

Pursuant to 28 U.S.C. § 2244 (d)(1), as amended by the April 24, 1996 enactment of the AEDPA, a state prisoner seeking a federal habeas corpus remedy must file his federal petition within one year of the "conclusion of

---

[4]   Absent evidence to the contrary, the Court assumes that the petition was delivered to prison authorities for mailing on the day the Williams signed it. See Washington v. U.S., 243 F.3d 1299, 1301 (11th Cir. 2001).

4

direct review or the expiration of the time for seeking such review." The Act provides that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Williams has not alleged that the government impeded the filing of his § 2254 motion or that a retroactive new

5

constitutional right exists in his case. Accordingly, the Court will calculate the timeliness of his petition from the date Williams' conviction became final. Because Williams' conviction became final on July 2, 2002, he was required to file his federal petition within one year, exclusive of the time that any properly filed state post-conviction motion remained pending in state court.

The record reflects and Williams does not dispute that he did not file his habeas petition with this Court until December 15, 2014, which is over 11 years after the expiration of the one-year limitations period in violation 28 U.S.C § 2244(d). To save his untimely petition, Williams must demonstrate circumstances excusing his failure to file within AEDPA's one-year limitations period.

Before recommending the dismissal of Williams' petition for habeas relief as untimely, the undersigned must determine whether he has pled extraordinary circumstances which require a contrary conclusion. The Eleventh Circuit has stated that:

> Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandivik v. United States, 177 F.3d 1269[, 1271 (11th Cir. 1999)], Equitable tolling is an extraordinary remedy which is typically applied sparingly. See Irwin v. Dept. of

6

>  Veterans Affairs, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990).

Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000).  See also Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 618-19 (3rd Cir. 1998) ("equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair'").  The burden firmly rests with the petitioner to establish that he is entitled to the benefit of this extraordinary remedy.  Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002). The circumstances of this case fail to demonstrate that Williams is entitled to the equitable tolling of the AEDPA's statutory limitations period.

The facts presented by Williams do not evidence that any extraordinary circumstances beyond his control made it impossible for him to file his petition for a writ of habeas corpus in a timely manner, nor do they present a sufficient basis upon which to conclude that he used due diligence in pursuing habeas relief and unavoidable circumstances beyond his control that made it impossible for him to file this action within AEDPA's time limit. Williams' only argument for equitable tolling is that he is actually innocent of the conviction because the facts of the case do not support the needed elements of the statute

under which he was convicted and sentenced, that is, reckless murder. (Doc. 1 at 14).

To be credible, a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995); see also id. at 327 ("To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."). Thus, the innocence exception requires "actual innocence" not mere legal insufficiency. Bously v. United States, 523 U.S. 614, 623-24 (1998). Williams has not come forth with any evidence which establishes his actual innocence and thereby undermines his reckless murder conviction.

To the contrary, Williams argues, just as he did in the state courts, not that he is innocent, but that the evidence presented at trial only supported a reckless manslaughter conviction as opposed to the reckless murder charge for which he was convicted. Simply put, because Williams has not alleged, let alone pointed to any new reliable evidence — whether it be exculpatory scientific

8

evidence, trustworthy eyewitness accounts, or critical physical evidence — that suggests that he did not kill the victim in this case, his claim of innocent must fail. This is not one of the rare cases in which the actual innocence exception is applicable, and as a result, Williams is not entitled to equitable tolling. Thus, his petition must be dismissed because it is time-barred.

### 3. Certificate of Appealability is denied.

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 2254 Cases (December 1, 2009). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529

U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as it is clear that any claim for relief made pursuant to § 2254 is time-barred, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that the petitioner should be allowed to proceed further. See Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

In the instant case, Petitioner's claims do not warrant the issuance of a Certificate of Appealability. Petitioner's claims are time-barred and he has failed to demonstrate any basis for tolling the limitations period. Therefore, no reasonable jurist could differ on the appropriate disposition of the petition on the record presented. It is thus recommended that the Court deny any

request for a Certificate of Appealability. Because Petitioner is not entitled to a Certificate of Appealability, any request for leave to appeal *in forma pauperis* is also due to be denied.[5]

**III. Conclusion.**

Based on the foregoing, it is the recommendation of the undersigned Magistrate Judge that Petitioner's petition for habeas corpus be dismissed with prejudice as time barred and that judgment be entered in favor of the Respondent, James Reynolds, and against the Petitioner, Lawrence Paultice Williams. It is further recommended that

---

[5] The guidelines for proceeding *in forma pauperis* are set forth in 28 U.S.C. § 1915. An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); see Fed. R. App. P. 24(a)(3)(A); Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000) (concluding that "good faith" is "an objective concept" and that "not taken in good faith" is "a synonym for frivolous"); DeSantis v. United Techs, Corp., 15 F. Supp. 2d 1285, 1288-89 (M.D. Fla. 1998) (stating that good faith "must be judged by an objective, not a subjective, standard" and that an appellant "demonstrates good faith when he seeks appellate review of any issue that is not frivolous"). An appeal filed in forma pauperis is frivolous if it appears that the appellant "has little or no chance of success," meaning that the "factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). For the reasons previously stated in addressing the Certificate of Appealability, the undersigned concludes that an appeal in this case would be without merit and would not be taken in objective good faith. Thus, Petitioner is neither entitled to a Certificate of Appealability nor to appeal *in forma pauperis*.

11

any motion for a Certificate of Appealability or for permission to appeal *in forma pauperis* be denied.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state

the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this **24th** day of **January, 2017.**

                                      **/s/ SONJA F. BIVINS**
                                **UNITED STATES MAGISTRATE JUDGE**